IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| BARRY KENDALE ANGLIN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 2:20-cv-02019-JTF-atc |
| ) | |
| v. ) | |
| ) | |
| SHELBY COUNTY JAIL and OFFICER ) | |
| JONES, ) | |
| ) | |
| Defendants. ) | |

**ORDER DISIMISSING COMPLAINT (ECF NO. 1) WITHOUT PREJUDICE, MODIFYING THE DOCKET, GRANTING LEAVE TO AMEND COMPLAINT, DENYING MOTION FOR EXTENSION (ECF NO. 5), AND DENYING REQUEST FOR APPOINTMENT OF COUNSEL**

On January 8, 2020, Plaintiff Barry Kendale Anglin, booking number 11911834, who is incarcerated at Shelby County Jail ("Jail"), in Memphis, Tennessee, filed a *pro se* complaint pursuant to 42 U.S.C. § 1983. (ECF No. 1.) On February 13, 2020, the Court granted Plaintiff leave to proceed *in forma pauperis* and assessed the $350 filing fee. (ECF No. 10.)

Plaintiff sues Shelby County Jail; and Shelby County Correctional Officer Jones. (ECF No. 1 at PageID 1-2.) The Clerk is directed to modify the docket to add Shelby County as a Defendant.

**I.      LEGAL STANDARDS**

     **A.      Screening Requirements**

The Court is required to screen prisoner complaints and to dismiss any complaint, or any portion thereof, if the complaint —

(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or

(2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b); *see also* 28 U.S.C. § 1915(e)(2)(B).

In assessing whether the complaint in this case states a claim on which relief may be granted, the Court applies the standards of Fed. R. Civ. P. 12(b)(6), as stated in *Ashcroft v. Iqbal*, 556 U.S. 662, 677-79 (2009) and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007). *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). The Court accepts a plaintiff's "well-pleaded" factual allegations as true and then determines whether the allegations "'plausibly suggest an entitlement to relief.'" *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 681). Conclusory allegations "are not entitled to the assumption of truth," and legal conclusions "must be supported by factual allegations." *Iqbal*, 556 U.S. at 679. Although a complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), Rule 8 nevertheless requires factual allegations to make a "'showing,' rather than a blanket assertion, of entitlement to relief." *Twombly*, 550 U.S. at 555 n.3.

"*Pro se* complaints are to be held 'to less stringent standards than formal pleadings drafted by lawyers,' and should therefore be liberally construed." *Williams*, 631 F.3d at 383 (quoting *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004)). *Pro se* litigants, however, are not exempt from the requirements of the Federal Rules of Civil Procedure. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *see also Brown v. Matauszak*, 415 F. App'x 608, 612, 613 (6th Cir. Jan. 31, 2011) (affirming dismissal of *pro se* complaint for failure to comply with "unique pleading requirements" and stating "a court cannot 'create a claim which [a plaintiff] has not spelled out in his pleading'" (quoting *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975))).

B. **Requirements to State A Claim Under 42 U.S.C. § 1983**

Plaintiff filed his complaint (ECF No. 1) pursuant to 42 U.S.C. § 1983, which provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress....

To state a claim under § 1983, a plaintiff must allege two elements: (1) a deprivation of rights secured by the "Constitution and laws" of the United States; and (2) which was committed by a defendant acting under color of state law. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150 (1970).

II. **ANALYSIS**

Plaintiff alleges that Officer Jones "brutally assaulted" him on "December 30, 2019 at approximately 3:00p.m." (the Incident). (ECF No. 1 at PageID 2.) Anglin states that he was handcuffed in his cell during the Incident and that two other inmates witnessed the event. He provides no details of the Incident. He does not describe Officer Jones's actions during it. Plaintiff seeks "compensat[ion] for my back, neck and head injuries and sleep apnea." (*Id*. at PageID 3.)

*Claims against Shelby County*: Plaintiff names the Shelby County Jail as a defendant. Governmental departments, divisions, and buildings are not suable entities. Therefore, the Court construes those claims against Shelby County. *See generally Hafer v. Melo,* 502 U.S. 21 (1991). *See also Buffer v. Frazier*, No. 14-2497, 2015 WL 1637915, at *1 n.1 (W.D. Tenn. Apr. 13, 2015). A local government "cannot be held liable under 1983 on a *respondeat superior* theory." *Monell v. Dep't. of Soc. Serv.,* 436 U.S. 658, 691 (1978) (emphasis in original); *see also Searcy v. City of Dayton,* 38 F.3d 282, 286 (6th Cir. 1994); *Berry v. City of Detroit,* 25 F.3d 1342, 1345 (6th Cir.

1994). A county cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a governmental policy or custom and the alleged constitutional deprivation. *Monell,* 436 U.S. at 691–92; *Deaton v. Montgomery Co., Ohio,* 989 F.2d 885, 889 (6th Cir. 1993). To demonstrate governmental liability, a plaintiff "must identify the municipal policy or custom; (2) connect the policy to the municipality; and (3) show that his particular injury was incurred due to execution of that policy." *Alkire v. Irving,* 330 F.3d 802, 815 (6th Cir. 2003) (citing *Garner v. Memphis Police Dep't,* 8 F.3d 358, 364 (6th Cir. 1993)). "Where a government 'custom has not received formal approval through the body's official decisionmaking channels,' such a custom may still be the subject of a § 1983 suit." *Alkire,* 330 F.3d at 815 (quoting *Monell,* 436 U.S. at 690–91). Such circumstances include those where, "[a]lthough not authorized by written law, such practices of state officials could well be so permanent and well settled as to constitute a 'custom or usage' with the force of law." *Monell,* 436 U.S. at 691. The policy or custom "must be 'the moving force of the constitutional violation' in order to establish the liability of a government body under § 1983." *Searcy,* 38 F.3d at 286 (quoting *Polk Co. v. Dodson,* 454 U.S. 312, 326 (1981) (citation omitted)). " [T]he touchstone of 'official policy' is designed 'to distinguish acts of the municipality from acts of employees of the municipality, and thereby make clear that municipal liability is limited to action for which the municipality is actually responsible.'" *City of St. Louis v. Praprotnik,* 485 U.S. 112, 138 (1988) (quoting *Pembaur v. Cincinnati,* 475 U.S. 469, 479–80 (1986)) (emphasis in original).

Although civil rights plaintiffs are not required to plead the facts demonstrating municipal liability with particularity, *Leatherman v. Tarrant Cnty. Narcotics Intelligence & Coordination Unit,* 507 U.S. 163, 168–69 (1993), the complaint must be sufficient to put the municipality on notice of a plaintiff's theory of liability, *see, e.g., Fowler v.*

*Campbell,* No. 3:06CV–P610, 2007 WL 1035007, at *2 (W.D. Ky. Mar. 30, 2007); *Yeackering v. Ankrom,* No. 4:05–CV–00018, 2005 WL 1877964, at *2 (W.D. Ky. Aug. 5, 2005); *Oliver v. City of Memphis,* No. 04–2074, 2004 WL 3316242, at *4 (W.D. Tenn. Dec. 2, 2004); *cf. Raub v. Correc. Med. Servs., Inc.,* No. 06–13942, 2008 WL 160611, at *2 (E.D. Mich. Jan. 15, 2008) (denying motion to dismiss where complaint contained conclusory allegations of a custom or practice); *Cleary v. Cnty. of Macomb,* No. 06–15505, 2007 WL 2669102, at *20 (E.D. Mich. Sept. 6, 2007) (same); *Morningstar v. City of Detroit,* No. 06–11073, 2007 WL 2669156, at *8 (E.D. Mich. Sept. 6, 2007) (same); *Chidester v. City of Memphis,* No. 02–2556, 2006 WL 1421099, at *3 (W.D. Tenn. June 15, 2005).

The allegations of Anglin's complaint fail to identify any official policy or custom of Shelby County that caused injury to him regarding the Incident. Instead, it appears that Plaintiff is suing the Shelby County Jail because he was confined in a county institution. Anglin has not sufficiently alleged a claim against the County. For these reasons, the Court DISMISSES the complaint's claims against Shelby County, for failure to state a claim on which relief can be granted, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

<u>*Excessive force claims*</u>: The Eighth Amendment protects a convicted inmate from cruel and unusual punishments, including "the unnecessary and wanton infliction of pain." *See Hudson v. McMillian*, 503 U.S. 1, 5 (1992) (quoting *Whitley v. Albers*, 475 U.S. 312, 319 (1986)); *Wilson v. Seiter*, 501 U.S. 294 (1991).[1] Establishing an Eighth Amendment claim of excessive force

---

[1] Anglin was a convicted prisoner at the time of the Incident, not a pretrial detainee. (*See* ECF No. 9 at PageID 19 ("my incarceration began [on] 9-16-2019"); ECF No. 13 at PageID 28 ("I didn't get released from the Shelby County Jail on July 22nd").) Therefore, Anglin's claims arise under the Eighth Amendment's prohibition of cruel and unusual punishment and its subjective standard, which takes into account a defendant's state of mind. *See Estelle v. Gamble*, 429 U.S. 97, 104 (1976). *See also Kingsley v. Hendrickson*, 135 S. Ct. 2466, 2473 (2015) (pretrial detainees'

requires a showing that (1) "the alleged wrongdoing was objectively 'harmful enough' to establish a constitutional violation," and (2) "'the officials act[ed] with a sufficiently culpable state of mind.'" *Hudson*, 503 U.S. at 8 (quoting *Wilson*, 501 U.S. at 298, 303). The "core judicial inquiry" is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Id.* at 6 (citing *Whitley*, 475 U.S. at 320-21).

Here, Anglin does not describe Officer Jones's actions that were supposedly unconstitutional. Anglin simply concludes that Jones used excessive force. That contention alone does not satisfy the pleading standard and fails to state a claim under the Eighth Amendment. *See Twombly*, 550 U.S. at 555 ("[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions...."). Anglin alleges no facts that Jones acted maliciously or sadistically with the intent to cause him harm, rather than to maintain the security that is necessary to safety at Shelby County Jail. For these reasons, Plaintiff has not sufficiently alleged an Eighth Amendment claim of excessive force. The Court DISMISSES the complaint's excessive force claims for failure to state a claim on which relief can be granted, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

### III.   AMENDMENT UNDER THE PLRA

The Sixth Circuit has held that a district court may allow a prisoner to amend his complaint to avoid a *sua sponte* dismissal of some of his claims under the PLRA. *LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013); *see also Brown v. R.I.*, 511 F. App'x 4, 5 (1st Cir. 2013) (per curiam) ("Ordinarily, before dismissal for failure to state a claim is ordered, some form of notice and an opportunity to cure the deficiencies in the complaint must be afforded."). Leave to amend is not

---

protection against excessive force is provided by the Fourteenth Amendment's standard of objective reasonableness).

required where a deficiency cannot be cured.  *Gonzalez-Gonzalez v. United States*, 257 F.3d 31, 37 (1st Cir. 2001) ("This does not mean, of course, that every *sua sponte* dismissal entered without prior notice to the plaintiff automatically must be reversed.  If it is crystal clear that . . . amending the complaint would be futile, then a *sua sponte* dismissal may stand."); *Curley v. Perry*, 246 F.3d 1278, 1284 (10th Cir. 2001) ("We agree with the majority view that *sua sponte* dismissal of a meritless complaint that cannot be salvaged by amendment comports with due process and does not infringe the right of access to the courts.").  In this case, the Court grants Plaintiff leave to amend.  Any amendment must be filed within twenty-one (21) days after the date of this order.  An amended complaint will supersede the original complaint and must be complete in itself without reference to the prior pleadings.  The amended complaint must be signed, and its text must allege sufficient facts to support each claim without reference to any extraneous document.  Any exhibits must be identified by number in the text of the amended complaint and must be attached to the complaint.  All amended claims must arise from facts alleged in the original complaint.  Each claim must be stated in a separate count and must identify each Defendant sued in that count.  If Plaintiff fails to timely file an amended complaint, the Court will assess a strike pursuant to 28 U.S.C. § 1915(g) and enter judgment.

## IV.   CONCLUSION

For all of the reasons explained above: (1) The claims in the complaint (ECF No. 1) are **DISMISSED WITHOUT PREJUDICE** for failure to state a claim on which relief can be granted, pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b); (2) leave to amend is **GRANTED**; and (3) because the Court is dismissing the complaint, Plaintiff's request

for appointment of counsel (ECF No. 1 at PageID 3[2]) is **DENIED** as moot.  Finally, to the extent that any portion of Plaintiff's January 27, 2020 motion for extension of time to obtain his inmate trust account for *in forma pauperis* purposes (ECF No. 5) remains pending, it is **DENIED** as moot; the Court granted him an extension on January 30, 2020 (ECF No. 7), Plaintiff submitted his inmate balance history report on February 6, 2020  (ECF No. 8), and the Court granted him leave to proceed *in forma pauperis* on February 13, 2020.  (ECF No. 10.)

**IT IS SO ORDERED**, this 14th day of October 2020.

       *s/John T. Fowlkes, Jr.*
       JOHN T. FOWLKES, JR.
       UNITED STATES DISTRICT JUDGE

---

[2]  Plaintiff does not explain why he seeks appointment of counsel.  Rather, he simply states at the conclusion of his complaint: "Also needs an appointed attorney."  (ECF No. 1 at PageID 3.)